USCA1 Opinion

 

 March 18, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2374 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. PETER GRABLER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges.  ______________ ____________________ Peter Grabler on brief pro se. _____________ Donald K. Stern, United States Attorney, and George B. Henderson, _______________ ____________________ II, Assistant United States Attorney, on brief for appellee. __ ____________________ ____________________ Per Curiam. When the United States would not sell __________ or lease land it owned to defendant-appellant Peter Grabler so that he could build a tennis court in his backyard, Grabler went ahead and built the court anyway. There is no dispute that part of the court was constructed on land owned by the government (which abutted Grabler's property). The government sued in federal district court. The district court granted the government's motion for summary judgment and ordered Grabler to remove the court and restore the land to its original condition. Grabler makes two arguments on appeal. 1. Grabler contends that a government lawyer, Theodore Smollen, committed fraud on the district court and that, as a result, the government is not entitled to an equitable remedy. Specifically, Grabler asserts that Smollen told Grabler that but for the fact that Grabler lived in an affluent neighborhood, the government would have worked something out instead of insisting that Grabler remove the tennis court. In a district court pleading, the government denied that Smollen had made this statement. Grabler argues that this denial was for the purpose of misleading the court and for the purpose of preventing him from fully presenting his counterclaim that the government had denied him equal protection of the laws by discriminating against him based on wealth. -2- -2- We have stated that [a] "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.  Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. _____ ________________ 1989). Only the "most egregious misconduct directed to the court itself" will justify a finding of fraud on the court. Pfizer, Inc. v. International Rectifier Corp., 538 F.2d 180, ____________ ______________________________ 195 (8th Cir. 1976), cert. denied, 429 U.S. 1040 (1977). We ____________ have no trouble concluding that there was no such fraud here. Grabler's claim fails for the simple reason that there never was an equal protection counterclaim and, further, because Grabler never raised such a claim until after he says he discovered the alleged fraud. Thus, the _____ government's actions prior to the assertion of an equal ________ protection violation could not have been for the purpose of preventing the district court from adjudicating the matter. Indeed, the government had no reason to formulate a scheme to interfere with a claim Grabler never made. -3- -3- Finally, Grabler does not make out an equal protection violation on the merits. In a case, as here, which alleges improper selective enforcement, a litigant must show, among other things, specific instances where others "situated similarly in all relevant aspects were treated differently . . . ." Rubinovitz v. Rogato, 60 F.3d 906, 910 __________ ______ (1st Cir. 1995) (internal quotations and citations omitted). Grabler's references to persons who were permitted to use government land do not contain any information about how ___ their circumstances compared to Grabler's. Nor does Grabler demonstrate any malicious intent on the government's part, another requirement for stating such a claim. See id. ___ ___ 2. Grabler's second appellate contention is that the injunction entered by the district court is inappropriate. We have reviewed Grabler's arguments in this regard and find that the district court did not abuse its discretion in ordering the relief it did. See Merchant & ___ ___________ Evans, Inc. v. Roosevelt Bldg. Products Co., 963 F.2d 628, ___________ _____________________________ 633 (3rd Cir. 1992) (the terms of an injunction are reviewed for abuse of discretion). Specifically, the order does not require Grabler to do any wetland reseeding. Because this appeal does not present any substantial questions, we affirm the judgment of the district ______ court. See Local Rule 27.1. The motion for a stay is denied ___ ______ as moot. -4- -4-